UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRENDA TAITE,

        Plaintiff,

- against -

COLGATE UNIVERSITY, BOARD OF
TRUSTEES OF COLGATE UNIVERSITY,
JEFFREY HERBST, and PHILLIP RICHARDS,

        Defendants.
----------------------------------------------------------X

**TRANSFER ORDER**
12-CV-3435 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Brenda Taite commenced this employment discrimination action on July 10, 2012, by filing a complaint against defendants Colgate University, the Board of Trustees of Colgate University, Jeffrey Herbst and Phillip Richards. For the reasons set forth below, the Court ORDERS that this action be transferred to the United States District Court for the Northern District of New York for further proceedings.

Plaintiff alleges that on September 14, 2011, she interviewed for a position as the Director of Equal Employment Opportunity and Affirmative Action at Colgate University, in Hamilton, New York. (Compl. (Doc. No. 1) at 7.) During the interview, defendant Phillip Richards, a Colgate employee, allegedly informed plaintiff that Colgate would not hire her because she attended an historically black university. (*Id.*) Plaintiff was not offered the position for which she applied. Plaintiff's complaint does not indicate that any of the events or actions upon which her causes of action are based took place outside of Hamilton, New York.

As alleged in the complaint, venue in this district is predicated on 28 U.S.C. § 1391(b). That statute provides:

> (b) A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

This Court may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a). *See Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n. 17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). When considering whether to transfer *sua sponte*, courts follow the same analysis used when a party moves for a change of venue. *Clarke v. City of Atlanta*, No. 06-CV-0532 (TJM)(GJD), 2006 U.S. Dist. LEXIS 44318, at *2–3. Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Id.* at *3.

As appears plain from the face of the complaint, there is no nexus to the Eastern District of New York. All of the events giving rise to this complaint occurred in Hamilton, New York, in the Northern District and plaintiff has not alleged any nexus of any party to this judicial district. This action might have been brought in the Northern District, a more convenient venue for the parties, and the district in which the events at issue occurred.

For the reasons set forth above it is hereby

**ORDERED** that the Clerk of Court transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 1391(b), 1404(a). A summons shall not issue from this Court. Whether plaintiff should be permitted to proceed further without payment

2

of fees is a determination to be made by the transferee court. The Court waives the provision of Rule 83.1 of this Court's Local Rules that requires a seven-day delay before the Clerk of Court may transfer certified copies of this order and the original papers on file to the transferee Court.

The Clerk of Court is directed to mail a copy of this Order to plaintiff *pro se*, and to close the file in this Court upon transfer of this action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefor *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 360 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 11, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge